IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Craig Cunningham, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cv. No.    3:12-cv-0440 |
| ) | District Judge Trauger/Magistrate Judge |
| Ocwen Financial, et al. ) | Brown. |
| ) | |
| Defendants. ) | |

**To the Honorable District Judge Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendants', Ocwen Financial ("Ocwen") and Litton Loan Servicing ("Litton"), Motion for Partial Dismissal for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (Docket Entry ("DE") 131)  As explained in detail below, the Magistrate Judge recommends that the defendants' Motion to Dismiss be **GRANTED in PART**.

### I.    INTRODUCTION AND BACKGROUND

According to the Verified Third Amended Complaint ("Complaint") (DE 128), Mr. Craig Cunningham ("Plaintiff") brings claims against Litton and Ocwen for violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. 1681s-2), the Fair Debt Collection Practices Act (15 U.S.C. § 1692a), and the Real Estate Settlement Procedures Act,  (12 U.S.C. § 2603).

Plaintiff's claims center around false or erroneous financial reports provided by Ocwen and Litton to multiple consumer reporting agencies ("CRAs") that detrimentally impacted Plaintiff's credit, caused him to lose a security clearance, and may ultimately cause him to be involuntarily severed from service in the Army Reserves.  (Complaint, DE 128, p. 2 ¶¶ 8-9.)  At issue in the instant motion are Plaintiff's claims under the FCRA.  (Complaint, DE 128, pp. 3-4 ¶

12.)  In paragraph 12 of the complaint, Plaintiff asserts several claims against Litton and Ocwen both individually and collectively.

Individually, Plaintiff claims that Ocwen reported on and verified information regarding loans owned by Litton.  (Complaint, DE 128, p. 3 ¶ 12.)  Plaintiff further alleges that Litton: 1) reported and verified information on loans it did not own; 2) did not conduct a reasonable investigation into Plaintiff's dispute of that information; and 3) failed to provide proper notice of Plaintiff's dispute as required by 15 U.S.C. § 16[81]s-2(a)(3). (Complaint, DE 128, p. 3 ¶ 12.)

Collectively, Plaintiff alleges that Litton and Ocwen: 1) re-aged one account in order to erroneously report it beyond the 7 year limitation period established under the FCRA; 2) willfully and knowingly reported inaccurate information as prohibited by 15 U.S.C. § 1681s-2(a)(1)(A); 3) failed to provide an adverse action notice to Plaintiff; 4) failed to update and correct information they knew to be incorrect in violation of 1681s-2(a)(2); and 5) that both Litton and Ocwen continued to report inaccurate information after determining that the information was inaccurate subsequent to Plaintiff's dispute.  (Complaint, DE 128, p. 2 ¶ 12.)

## II.  ANALYSIS

### A. Standard of Review

Dismissal under Rule 12(b) is appropriate where a party fails to state a claim upon which relief may be granted.  Fed. R. P. 12(b)(6).  Although a plaintiff is not required to plead detailed factual information in his complaint, to survive a motion to dismiss, his claim must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

**B. Grounds for decision**

Litton and Ocwen argue that the FCRA does not provide for an individual cause of action under 15 U.S.C. § 1681s-2(a) ("§ 1681s-2(a)"). (Defendant's Memorandum in Support of Their Partial Motion to Dismiss ("Defendants' M., DE 132, pp. 5-6.) *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012) (holding that 15 U.S.C. § 1681s-2(c) precludes all individual claims except those under § (b)). Plaintiff concedes this issue. (Plaintiff's Response ("Response"), DE 137, p. 2 ¶ 5.) However, Plaintiff argues that certain of his claims fall within the ambit of 15 U.S.C. § 1681s-2(b) ("§ 1681s-2(b)") and must not be dismissed. Plaintiff argues that he may pursue Defendants' failure to conduct a reasonable investigation and re-aging, or reinsertion, of financial information known to be erroneous. (Response, DE 137, p. 2-3.) The Magistrate Judge agrees.

The FCRA represents Congress' intent to provide a means for consumers to "dispute[] and, ultimately, correct[] inaccurate information on their credit reports." *Boggio*, 696 F.3d at 616 (quoting *Johnson v. MBNA Am. Bank, NA.*, 357 F.3d 426, 430-31 (4th Cir. 2004)). To that end, the FCRA subjects companies who report financial information ("Reporting Agencies") to civil liability at the hands of the consumer under five circumstances. *Id.* First, upon receipt of a dispute, Reporting Agencies, such as the Defendants here, must conduct a "fairly searching inquiry" of the dispute. *Id.* Second, the Reporting Agency must consider "all relevant information provided by the CRA pursuant to § 1681i(a)(2)." *Id.* Third, the Reporting Agency must "report the results of its investigation to the CRA . . . irrespective of the outcome of the investigation" *Id.* at 617 (quoting § 1681s-2(b)(1)(C) (internal quotations omitted)).

Fourth, upon finding that consumer "information [reported to the CRA] is incomplete or inaccurate," the Reporting Agency must "report the results [of the investigation] to all other

CRAs to which the [Reporting Agency] furnished the information." *Id.* (quoting § 1681s-2(b)(1)(D)) (internal quotations omitted). Lastly, a Reporting Agency "must either modify, delete, or permanently block reporting of information that it finds . . . to be inaccurate or incomplete, or that cannot be verified after any reinvestigation." *Id.* at 618 (quoting § 1681s-2(b)(1)(E)) (internal quotations omitted).

The FCRA does require investigation of disputed information and correction of inaccurate information under § 1682s-2(a)(2) & (8) as Defendants claim, but it includes parallel provisions under § 1681s-2(b). *See* § 1681s-2(b)(1)(A) & (E). Thus, Plaintiff is entitled to pursue his claims that Litton and Ocwen did not conduct reasonable investigations—those that were "fairly searching . . . something more than a merely cursory review"—under § 1681s-2(b)(1)(A). *Boggio*, 696 F.3d at 616. Likewise, Plaintiff may continue to pursue claims that Litton and/or Ocwen did not "modify, delete, or permanently block reporting of information" known to be inaccurate or incomplete. § 1681s-2(b)(1)(E). *Id.* at 618.

While it is clear that Plaintiff's claims regarding Defendants failure to correct information determined to be inaccurate may proceed under § 1681s-2(b)(1)(E), there is a complete lack of precedent regarding Plaintiff's claims of re-aging. Under the FCRA, Reporting Agencies are required to report delinquencies to CRAs within 90 days of an "account" becoming delinquent. § 1681s-2(a)(5). The FCRA permits CRAs to report such delinquencies for a period of 7 years. § 1681c. Re-aging occurs when a Reporting Agency or a CRA modifies the date of last activity on a delinquent account to extend the reporting date beyond the permissible 7 year timeframe. *See U.S.C. v. NCO Group et al*, Fed. Trade Comm. File No. 992-3012, (May 13, 2004).

Plaintiff alleges that Ocwen and/or Litton re-aged, reinserted, information regarding a loan account attributable to him to show that it was "seriously delinquent" when it had

previously been shown as "paid in full with no delinquencies" and remained so. (Complaint, DE 128, p. 2 ¶ 8.) Further, Plaintiff asserts that Defendants did so after the account had been disputed and Defendants had determined that the information was inaccurate. (Response, DE 137, p. 3 ¶¶ 10-12.) While re-aging or reinsertion is clearly governed by § 1681s-2(a) and beyond Plaintiff's reach, any knowing re-aging or reinsertion of inaccurate information subsequent to an adequate investigation logically falls under § 1681s-2(b)(1)(E) as well.

A Reporting Agency that knowingly or negligently reinserts or re-ages inaccurate information has not taken the appropriate steps to "permanently block" this information as is required by under § 1681s-2(b)(1)(E). Further, permitting a Reporting Agency to reinsert this information without recourse by the consumer would seriously undermine the intent behind the FCRA. Consumers, such as Plaintiff here, would be trapped in an endless cycle of dispute resolution that denies them "a means to . . . ultimately, correct [] inaccurate information on their credit reports." *Boggio*, 696 F.3d at 616.

### III.   CONCLUSION

The Magistrate Judge finds that the FCRA does not provide a vehicle for Plaintiff to advance his claims regarding Defendants': 1) reporting on loans they did not own; 2) failure to report the results of their investigation to him; 3) initial reports, those prior to any dispute or investigation, to CRAs containing inaccurate information; and 4) failure to provide an adverse action notice. However, the Magistrate Judge finds that § 1681s-2(b) does provide Plaintiff a means to advance claims regarding Defendants' failure to conduct reasonable investigations, and/or "modify, delete, or permanently block" information known to be inaccurate, *subsequent to a dispute*.

## IV.     RECOMMENDATION[1]

For the reasons stated above, the undersigned recommends that the defendants' Motion to Dismiss be **GRANTED** in regard to Plaintiff's claims that Defendants': 1) reported on loans they did not own; 2) failed to report the results of their investigation to him; 3) initially reported inaccurate information to CRAs; and 4) failed to provide an adverse action notice; and that those claims be **DISMISSED**.  The Magistrate Judge also recommends that the defendants' Motion to Dismiss be **DENIED** in regard to Plaintiff's claims that Defendants failed to conduct reasonable investigations or that they failed to "modify, delete, or permanently block" inaccurate information subsequent to an investigation; and that those claims be allowed to **PROCEED**.

The parties have fourteen (14) days of being served with a copy of this Review and Recommendation to serve and file written objections to the findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections within fourteen (14) days of receipt of this Review and Recommendation may constitute a waiver of further appeal.  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012) (citing *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986)).

**ENTERED** this 10th day of December, 2013.

/s/Joe B. Brown
Joe B. Brown
Magistrate Judge

---

[1] Following a decision by the District Judge, the parties should contact the Magistrate Judge to determine what discovery remains and to recommend a trial date.