UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-0440 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| OCWEN FINANCIAL, LITTON ) | |
| LOAN SERVICING, and OCWEN ) | |
| LOAN SERVICING, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On December 10, 2013, the Magistrate Judge issued a Report and Recommendation (Docket No. 142), to which the defendants have filed timely Objections (Docket No. 150), and the plaintiff, proceeding *pro se*, has filed a Response in opposition (Docket No. 151). The Report and Recommendation ("R&R") recommends that the defendant's Partial Motion to Dismiss (Docket No. 131) be granted in part and denied in part.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The defendants object to a single conclusion made by the Magistrate Judge: his decision to permit the plaintiff's "re-aging claim" under the Fair Credit Reporting Act, 15 U.S.C. § 1681

1

*et seq.* ("FCRA"), to proceed past their motion to dismiss.[1] The relevant portion of the R&R to which the defendants object states:

> There is a complete lack of precedent regarding [Cunningham's] claims of re-aging. Under the FCRA, Reporting Agencies are required to report delinquencies to [consumer reporting agencies ("CRAs")] within 90 days of an account becoming delinquent. Section 1681s-2(a)(5). The FRCA permits CRAs to report such delinquencies for a period of 7 years. Re-aging occurs when a Reporting Agency or a CRA modifies the date of last activity on a delinquent account to extend the reporting date beyond the permissible 7-year timeframe.
>
> Plaintiff alleges that Ocwen and/or Litton re-aged, reinserted information regarding a loan account attributable to him to show that it was "seriously delinquent" when it had previously been shown as "paid in full with no delinquencies" and remained so. Further, Plaintiff asserts that Defendants did so after the account had been disputed and Defendants had determined that the information was inaccurate. While re-aging or reinsertion is clearly governed by Section 1681s-2(a) and beyond Plaintiff's reach, any knowing re-aging or reinsertion of inaccurate information subsequent to an adequate investigation logically falls under Section 1681s-2(b)(1)(E) as well.

(Docket No. 142 at 4-5.) The defendants maintain that the Magistrate Judge erred by effectively creating an unprecedented implied private right of action for "re-aging" claims against loan furnishers from the FCRA's Section 1681s-2(b).

Generally, Section 1681s-2 sets forth certain responsibilities of furnishers, including loan providers like the defendants. Two particular sections of the statute are relevant here. Section 1681s-2(a) sets forth duties assigned to furnishers of information at the initial time that the furnishers provide information to CRAs. For instance, Section 2(a)(5) expressly requires that, within 90 days of initially providing information regarding a delinquent account to a CRA, the

---

[1] The plaintiff's Verified Third Amended Complaint includes claims against the defendants under the FCRA, the Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act. In the R&R, the Magistrate Judge recommended dismissal of all but two of the plaintiff's FCRA claims: (1) a claim for failure to investigate under the FCRA, and (2) the "re-aging" claim under the FCRA.

furnisher must report the date of first delinquency of the affected account.[2] Section 1681s-2(b), on the other hand, sets forth specific responsibilities for furnishers of information *upon notice of a consumer's dispute* of previously-provided information. For example, Section 1681s-2(b) requires that, following notice of a consumer dispute with regard to the completeness or accuracy of information provided by a furnisher to a CRA, the reporting furnisher must conduct an investigation and report the results of the investigation to the CRA. 15 U.S.C. § 1681s-2(b)(1)(A)-(C). Additionally, Section 1681s-2(b)(1)(E) requires that, if an item of information disputed by a consumer is found to be inaccurate after investigation, a furnisher must promptly modify, delete, or permanently block the reporting of the inaccurate information.

Congress has made clear that there is no private right of action under Section 1681s-2(a); however, it is settled that the FCRA expressly creates a private right of action against a furnisher who fails to satisfy the duties identified in Section 1681s-2(b). *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 618 (6th Cir. 2012) ("[I]f a consumer can establish that a furnisher willfully violated one of its duties, then under Section 1681n, the consumer may recover actual or statutory damages, as well as punitive damages.") Here, the Magistrate Judge concluded that, although Cunningham's re-aging claim has some relation to Section 1681s-2(a)'s requirement that a furnisher provide a date of first delinquency to CRAs, Cunningham's re-aging claim *also*

---

[2] The full text of Section 1681-2(a)(5) provides:

> A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

3

falls within the scope of Section 1681-2(b) because, after the defendants were notified about Cunningham's dispute of the allegedly delinquent account, they were required to perform an investigation and, if necessary, modify, delete, or permanently block the reporting of the inaccurate information (here, the date of first delinquency). Accordingly, he concluded that Cunningham had stated a plausible claim for relief.

In their Objections, the defendants argue that the only language in the FCRA that arguably applies the concept of re-aging to furnishers like Ocwen and Litton is the requirement that furnishers initially report a date of first delinquency and, therefore, a private right of action as to falsifying information to "re-age" a delinquent account is not contemplated by the statute. The defendants further argue that, because the FCRA provides a private right of action against CRAs for placing accounts for collection which antedate the report by more than seven years in Section 1681c, Congress clearly did not intend for individuals to also be able to sue furnishers for providing improper information as to the date of delinquency. Moreover, the defendants contend that, because the Magistrate Judge's decision is unprecedented, it must be erroneous.

The defendants' argument is meritless. Despite the fact that Congress neglected to use "re-aging" as a term of art in Section 1681s-2(b), Cunningham's allegation that Ocwen and/or Litton knowingly reinserted inaccurate information regarding a loan account to show that it was delinquent falls within the plain language of Section 1681s-2(b)(1)(E).

The defendants' Objections are not persuasive and they are, therefore, **OVERRULED**. The Report and Recommendation (Docket No. 142) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the defendants' Motion for Partial Dismissal (Docket No. 131) is **GRANTED IN PART** and **DENIED IN PART**, as detailed in the Report and Recommendation.

4

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge